http://www.va.gov/vetapp16/Files3/1621734.txt

Citation Nr: 1621734 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 12-02 196 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.

REPRESENTATION

Appellant represented by: Kathleen M. McCoy, Agent

ATTORNEY FOR THE BOARD

K. Forde, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from August 1987 to August 1991. He died in October 2006. The appellant is the Veteran's surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

In July 2014, the Board reopened the appellant's previously denied claim and remanded the merits determination for further evidentiary development. The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). 

REMAND

In her October 2015 correspondence, the appellant requested a videoconference hearing before a Veterans Law Judge. The appellant has a right to a hearing, but one has not yet been held. 38 C.F.R. § 20.700(a) (2015). There is no evidence in the record that the hearing request has been withdrawn. A remand is therefore necessary to schedule the requested hearing. 

Accordingly, the case is REMANDED for the following action:

Schedule the appellant for a videoconference hearing regarding the issue of entitlement to service connection for the cause of the Veteran's death. The appellant and her representative should be notified in writing of the date, time, and location of the hearing. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).